UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE KAY CLARK,<br><br>        Plaintiff,<br><br>        v.<br><br>VIP PETCARE, LLC,<br><br>        Defendant. | Case No.  22-cv-08935-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 27 |

    This order assumes the reader is familiar with the case.

    California wage and hour laws do not apply to people who work entirely in another state, even if they work for a California company. *Cotter v. Lyft, Inc.*, 60 F. Supp. 3d 1059, 1061–64 (N.D. Cal. 2014). Clark's contract provides that it "will be governed by and construed in accordance with the laws of the state of California." FAC Ex. 1 § 8.04. But that provision means that California contract law controls the meaning of the contract. It does not, and cannot, extend California's labor laws to Tennessee. *Cotter*, 60 F. Supp. 3d at 1064–66. Clark's claims for violations of California Labor Code sections 226.8 and 1102.5 are therefore dismissed.

    Clark also alleges fraud and misrepresentations regarding her contract, which she frames as violations of California Civil Code sections 1709 and 1710. The federal rules require that a plaintiff alleging fraud "state with particularity the circumstances constituting fraud," which ensures that defendants have adequate notice of what they are defending against. Fed. R. Civ. P. 9(b). Here, Clark has provided lots of factual detail, but what she describes is a scheme to hide violations of California employment law. Without that motive, it's not clear what the purported fraud would be. Since people are presumed to read the contracts they sign, the fraud can't just be

that the contract calls her an independent contractor but also includes some provisions more consistent with an employer/employee relationship. It's true that courts construe pro se pleadings liberally. *Thompson v. Davis*, 295 F.3d 890, 985 (9th Cir. 2002). And in general, a pro se litigant who sufficiently alleges fraud will not have their claim dismissed merely because they invoke the wrong state's fraud law. (After all, the elements of fraud don't vary much between states.) But since California employment law does not apply in Tennessee, the facts alleged do plausibly allege fraud. That claim is therefore dismissed.

Clark also alleges unconscionable contract. To the extent it is an independent claim, the allegation is that the contract is unconscionable because it prevents her from vindicating her rights under California employment law. FAC at 128. Since those laws to not apply to Clark, this claim is dismissed as well.

It is possible that Clark could allege violations of Tennessee law, so dismissal is with leave to amend. Any amended complaint is due within 21 days of this order. If no amended complaint is filed by that deadline, dismissal will be with prejudice. If an amended complaint is filed, the first questions will be whether this Court has jurisdiction based on the amended claims and whether venue is appropriate.

**IT IS SO ORDERED.**

Dated: April 4, 2023

_____
VINCE CHHABRIA
United States District Judge